UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Appeal No.: 24-11998

**David Thompson**,

    Plaintiff-Appellee,

vs.

**Regions Security Services, Inc.**,

    Defendant-Appellant.

## REGIONS SECURITY SERVICES, INC.'S
## UNOPPOSED MOTION TO CONSOLIDATE RELATED APPEALS

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1, I hereby certify that the following persons may have an interest in the outcome of this case:

1. Anthony F. Sanchez, P.A. – *Attorneys for Regions Security Services, Inc.*

2. Augustin-Birch, Panayota – *United States Magistrate Judge*

3. Dimitrouleas, Hon. William P. – *United States District Court Judge*

4. Norell, Robert S. – *Counsel for David Thompson*

5. Peterson, James A. – *Co-counsel for Plaintiff-Appellee David Thompson*

6. Regions Security Services, Inc. – *Defendant-Appellant*

7. Rivero Jr., Carlos – *President and CEO of Regions Security Services, Inc.*

8. Robert S. Norell, P.A. – *Attorneys for David Thompson*

9. Sanchez, Anthony F. – *Counsel for Regions Security Services, Inc.*

10. Sharp, Christoper C. – *Co-Counsel for David Thompson*

11. Sharp Law Firm, P.A. – *Attorneys for David Thompson*

12. Thompson, David – *Plaintiff-Appellee*

I hereby certify that there is no publicly traded company or corporation that has an interest in the outcome of this appeal.

Date checked: February 21, 2025     By: /s/ Anthony F. Sanchez
                                         ANTHONY F. SANCHEZ

                                         *Counsel for Appellant Regions Security Services, Inc.*

2

Defendant-Appellant Regions Security Services, Inc. ("Regions"), by and through its undersigned counsel and pursuant to Fed. R. App. P. 27, 11th Cir. R. 27-1(c), submits the instant Unopposed Motion to Consolidate Appellate Cases, and in support thereof, states as follows:

## **RELEVANT PROCEDURAL HISTORY**

1. The instant appeal seeks review of the district court's "Final Judgment" [ECF No. 62], against Employer Regions and in favor of Employee David Thompson ("Thompson"), and the underlying "Omnibus Order on Motions for Summary Judgment" [ECF No. 58] which determined liability under the FLSA .

2. Approximately five months after the filing of the instant appeal, the district court entered an FLSA attorney's fee award [ECF No. 81], which award is a separate, appealable final order and the subject of a related, pending appeal.

3. The predicate for the district court's fee award is that Thompson achieved "prevailing party status" upon the entry of the FLSA final judgment entered by the same district court judge in the same underlying district court case, and which is the subject of the instant appeal.

4. The predicate judgment under the FLSA is the subject of the instant appeal, which is fully briefed.

5.  Following the entry of the FLSA attorney's fee award, Regions filed a Notice of Appeal on or about December 6, 2024 seeking review of said attorney's fee award, which is also currently pending under 11th Circuit Case No.: 24-14028.

6.  The instant appeal (24-11998) and the related, pending appeal (24-14028) involve the same parties and the same district court case. Moreover, for obvious reasons both appeals involve related issues of fact and law.

7.  Execution is stayed regarding both final judgments under review.

8.  Undersigned counsel has conferred with opposing counsel for Thompson, who has advised that this motion is not opposed.

## **ARGUMENT**

In the instant case, Regions appeals a final judgment in favor of Thompson and against Regions. The final judgment finding Regions liable under the FLSA represents the predicate judgment upon which the attorney's fee award is based, and which fee award is the subject of a related, pending appeal. The correctness of the underlying FLSA liability judgment is a disputed predicate finding to the fee award order on appeal in the related, pending appeal, since Thompson is not entitled to any prevailing-party fee or cost award unless and until he is finally determined to have correctly prevailed in the underlying FLSA case. Accordingly, many of the predicate factual and legal issues in this appeal are identical or related to the issues raised in the related, pending appeal.

This Court may consolidate or join related appeals. Rule 3(b) (2), FRAP. In fact, the Clerk of this Court, subject to judicial review, may consolidate related appeals *sua sponte*, or if no party opposes a motion to consolidate. Eleventh Circuit Rule 27-1(c) is instructive and states, in relevant part:

> (c) <u>Motions for Procedural Orders Acted Upon by the Clerk</u>.
>
> The clerk is authorized, subject to review by the court, to act for the court on the following unopposed procedural motions: . . . (4) to consolidate appeals from the same district court;

11th Cir. R. 27-1(c)

> Similarly, Eleventh Circuit Rule 12-2 states, in relevant part, as follows:
>
> <u>Clerk's Consolidation of Appeals</u>. The clerk may, at the time of docketing or thereafter, notify the affected parties that it has determined, sua sponte, that consolidation of appeals is either required by statute or **is in the interest of judicial economy, such as when multiple appeals raise the same or similar issues**, and shall direct the parties in the notice to file written objections, if any, to the proposed consolidation within 14 days of the notice . . .

11th Cir. R. 27-1(c) (bold emphasis added). Certain opposed motions may be ruled upon by a panel of two judges. 11th Cir. R. 27-1(e).

Regions maintains that the instant appeal involves the same or similar issues as those raised in the related, pending appeal of *David Thompson v. Regions Security Services, Inc.*, 11CA Case No. 24-14028. Regions believes it is in the best interest of judicial and party economy to consolidate the pending appeals. Consolidation of appeals also avoids any potential for inconsistent ruling on related issues.

5

In light of the relationship between both appeals, Regions suggests that this Honorable Court should consolidate or join the appeals for consideration by a single panel of the Court.

WHEREFORE, for the reasons set forth above, Regions Security Services, Inc. respectfully requests this Honorable Court consolidate the instant appeal with the related, pending appeal of *David Thompson v. Regions Security Services, Inc.*, 11CA Case No. 24-14028.

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Pursuant to Fed. R. App. P. 32(g)(1), I hereby certify that the foregoing Unopposed Motion to Consolidated Related Applies complies with Fed. R. App. P. 32(c)(1) in that it has been prepared using Microsoft Word in 14-point Times New Roman font and contains 763 words.

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2025 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF and served on the parties listed in the Service List below in the manner indicated therein.

**Anthony F. Sanchez, P.A.**
Attorneys for Defendant-Appellant Regions Security Services, Inc.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.: 305-665-9211

By:   /s/ Anthony F. Sanchez
      Anthony F. Sanchez
      Florida Bar No. 789925
      afs@laborlawfla.com

6

## SERVICE LIST

| | |
|---|---|
| Robert S. Norell, Esq.<br>Florida Bar No.: 996777<br>rob@floridawagelaw.com<br>assistant@floridawagelaw.com<br>***Counsel for Plaintiff-Appellee***<br>***David Thompson***<br>ROBERT S. NORELL, P.A.<br>300 N.W. 70th Avenue, Suite 305<br>Plantation, Florida 33317<br>Tel: 954-617-6017<br>Fax: 954-617-6018<br>*Via Notice of Electronic Filing* | Anthony F. Sanchez, Esq.<br>Florida Bar No.: 789925<br>afs@laborlawfla.com<br>faz@laborlawfla.com<br>***Counsel for Defendant-Appellant***<br>***Regions Security Services, Inc.***<br>ANTHONY F. SANCHEZ, P.A.<br>6701 Sunset Drive, Suite 101<br>Miami, Florida 33143<br>Tel: 305-665-9211 |